UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C. JOHANNES HETLAND,<br>　　　　Plaintiff,<br>　v.<br>LENDINGTREE, LLC,<br>　　　　Defendant. | Case No. 19-cv-02288-JSC<br><br>**ORDER RE: SUBSEQUENT EMPLOYER DISCOVERY DISPUTE**<br>Re: Dkt. No. 24 |

In this employment dispute action, Plaintiff alleges he was terminated in retaliation for complaining about Defendant's failure to provide him with performance-based restricted stock units. He makes claims for breach of contract and certain wage and hour violations. Now pending before the Court is a joint discovery dispute letter brief arising from Defendant's subpoena to Plaintiff's subsequent employer eHealth. After reviewing the parties' written submission, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b).

The Court finds that, with one exception noted below, all of the requested documents implicate Plaintiff's privacy interests under state law. "To evaluate privacy objections under either federal or state law, the Court must balance the party's need for the information against the individual's privacy right in his or her employment files." *Tierno v. Rite Aid Corp.,* No. C 05-02520 TEH, 2008 WL 3287035, at *3 (N.D. Cal. July 31, 2008).

With this balancing in mind, the Court rules as follows.

**Categories 3, 4 & 6.** Defendant's request for documents related to performance evaluations or any disciplinary action while Plaintiff was employed at eHealth is DENIED. Plaintiff's performance at his subsequent employment is not at issue in this case. Further, the Court disagrees that Plaintiff's performance at eHealth would show that Defendant's reasons for terminating him from his previous employment were valid; such evidence would be improper

propensity evidence. *See* Fed. R. Evid. 404(b). Defendant's citation to *Davis v. Kelly Servs., Inc.*, No. CV 17-1699-GW (PLAx), 2017 WL 10562943 (C.D Cal. July 12, 2017), fails to persuade the Court otherwise. There the plaintiff was apparently claiming lost damages for the period after she obtained and then lost subsequent employment and thus the employment records were relevant to mitigation. Here, in contrast, Plaintiff is not seeking any damages for the period after he obtained employment with eHealth. Defendant's citation to *Frazier v. Bed Bath & Beyond, Inc.*, No. 11-mc-80270 RS (NC), 2011 WL 5854601 (N.D. Cal. Nov. 21, 2011), is similarly unpersuasive because it involved requests for the plaintiff's personnel file, undefined, from the plaintiff's employer just prior to the employment at issue. Defendant has also not identified any reason to believe that Plaintiff was terminated from eHealth, let alone terminated for engaging in the same conduct for which Defendant claims it terminated his employment. Thus, on balance, the Court declines to compel production of these documents.

**Category 5.** The Court can discern no reason why documents sufficient to confirm Plaintiff's start and end dates at eHealth should not be produced. If Plaintiff's new hire documents, which he has agreed to allow to be produced, confirm his start date, then no further documents on that score need be produced. However, Plaintiff has not agreed to production of a document that confirms his end date and such information is not private. Accordingly, the motion to compel is GRANTED, but only as to documents sufficient to show the actual start and end dates.

**Category 7 & 8.** The Court is not persuaded that the documents sought are relevant to a claim or defense in this action such that they should be compelled to be produced despite their private nature. As Plaintiff has agreed to production of eHealth's offer letter, Defendant does not need the additional documents to compare eHealth's offer to what Defendant offered and offers Plaintiff rejected; Defendant is getting that information. Defendant's other proffered reasons are too weak to require production. And again, Plaintiff is not seeking any damages for the period after he started working at eHealth, and he has already agreed to provide his offer letter and agreements or contracts with eHealth. The Court does not see how Defendant needs more.

//

2

This Order disposes of Docket No. 24.

**IT IS SO ORDERED.**

Dated: December 23, 2019

					JACQUELINE SCOTT CORLEY
					United States Magistrate Judge