1

2

3

4                           UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    C. JOHANNES HETLAND,                    Case No.  19-cv-02288-JSC

8                  Plaintiff,
                                             **ORDER RE: ADMINISTRATIVE**
9          v.                                **MOTIONS TO SEAL**

10   LENDINGTREE, LLC,                        Re: Dkt. Nos. 68, 80, 84

11                 Defendant.

12

13         Before the Court are the parties' administrative motions to file documents under seal.[1]

14   (Dkt. Nos. 68, 80, 84.)[2]  LendingTree, LLC ("LendingTree") seeks to file under seal exhibits and

15   supporting documents in connection with its motion and reply brief.  (Dkt. Nos. 68 & 84.)  Mr.

16   Hetland seeks to file under seal documents in connection with and in support of his opposition.

17   (Dkt. No. 80.)  After careful consideration of the parties' submissions, the Court rules as set forth

18   below.

19                                      **DISCUSSION**

20         There is a presumption of public access to judicial records and documents.  *Nixon v.*

21   *Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  Courts generally apply a "compelling

22   reasons" standard when considering motions to seal documents, recognizing that "a strong

23   presumption in favor of access is the starting point."  *Kamakana v. City & Cty. of Honolulu*, 447

24   F.3d 1172, 1178 (9th Cir. 2006) (internal quotations and citations omitted).

25         Civil Local Rule 79-5 supplements the "compelling reasons" standard.  *Exeltis USA Inc. v.*

26

27   [1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. §
     636(c).  (Dkt. Nos. 3 & 10.)
28   [2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the
     ECF-generated page numbers placed at the top of the documents.

United States District Court
Northern District of California

1  *First Databank, Inc.*, Case No. 17-cv-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1,

2  2020).  Under Civil Local Rule 79-5(b), sealing is appropriate only where the requesting party

3  "establishes that the document, or portions thereof is privileged or protectable as a trade secret or

4  otherwise entitled to protection under the law," or "sealable."  N.D. Cal. Civ. L.R. 79-5(b).

5  Confidential business information in the form of "license agreements, financial terms, details of

6  confidential licensing negotiations, and business strategies" satisfies the "compelling reasons"

7  standard.  *Exeltis USA Inc.*, 2020 WL 2838812, at *1; *see also In re Qualcomm Litig.*, No. 3:17-

8  cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing is

9  warranted to prevent competitors from "gaining insight into the parties' business model and

10  strategy"); *Finisar Corp. v. Nistica, Inc.*, No. 13-cv-03345-BLF (JSC), 2015 WL 3988132, at *4-5

11  (N.D. Cal. June 30, 2015).

12  **II.     Administrative Motions to File Under Seal**

13          **a.  Sealing & Rule 56 Motion**

14          LendingTree seeks to seal documents in support of its summary judgment motion.  (Dkt.

15  No. 64.)  Exhibits A-E and G-M are sealable.  (Dkt. Nos. 64-4, 64-5, 64-6, 64-8, 64-11.)  They

16  contain and reflect confidential business information that offers insight into LendingTree's

17  business model and strategy, and therefore satisfy the "compelling reasons" standard.  *See Exeltis*,

18  2020 WL 2838812, at *1; *In re Qualcomm Litig.*, 2017 WL 5176922, at *2.  However, excerpts of

19  Exhibit F do not warrant sealing.  *See* N.D. Cal. Civ. L.R. 79-5(b).  LendingTree seeks to seal e-

20  mail correspondence regarding Mr. Hetland and Mr. Wilson.  For instance, one e-mail states that

21  Mr. Wilson is "done with [Mr. Hetland]," and that the "comp situation ended that relationship."

22  (Dkt. No. 68-15 at 3.)  The e-mail continues with comments regarding the Burlingame office

23  culture, and summaries of workplace disputes between Mr. Hetland and other LendingTree

24  employees.  (*Id.* at 3-4.)  At bottom, these messages regarding interpersonal disputes between

25  LendingTree employees do not implicate any "sensitive personal information" or business

26  information that sealing is intended to protect, *see Hadley v. Kellogg Sales Co.*, No. 16-CV-

27  04955-LHK, 2018 WL 7814785, at *3 (N.D. Cal. Sept. 5, 2018), and therefore do not warrant

28  sealing.  (Dkt. No. 68-15 at 3-4.)  However, information in Exhibit F that contains financial terms

1  and information, *see Exeltis USA Inc*., 2020 WL 2838812, at *1, warrants sealing.  (Dkt. No. 68-

2  15 at 7.)

3          **b.  Sealing & Opposition**

4          Mr. Hetland seeks to seal documents in support of his opposition designated "confidential"

5  by LendingTree pursuant to the parties' Protective Order.  (Dkt. Nos. 80, 80-1 at 2 ¶ 2.)  In

6  response, LendingTree filed the declaration of Sami Hasan, counsel for LendingTree, in support of

7  its confidentiality designations and Mr. Hetland's sealing motion.  (*See* Dkt. No. 83.)

8          Under the Local Rules of this District, "[r]eference to a stipulation or protective order that

9  allows a party to designate certain documents as confidential is not sufficient to establish that a

10  document, or portions thereof, are sealable." N.D. Cal. Civ. L.R. 79–5(d)(1)(A).  Nonetheless,

11  Exhibits A-O attached to Mr. Hetland's sealing motion are sealable—they implicate confidential

12  business information that reflects LendingTree's business model and strategy.  (Dkt. No. 80-3, 80-

13  4, 80-5, 80-6, 80-7, 80-8, 80-9, 80-10, 80-11, 80-12, 80-13, 80-14, 80-15, 80-16, 80-17.)  *See*

14  *Exeltis*, 2020 WL 2838812, at *1; *In re Qualcomm Litig*., 2017 WL 5176922, at *2.

15          Exhibit P, Mr. Wilson's April 25, 2018 notes, does not satisfy the "compelling reasons"

16  standard.  (Dkt. No. 80-18.)  The excerpts Mr. Hetland seeks to seal do not mention or discuss any

17  specific terms of his compensation plan that reflect a business model or strategy.  *See In re*

18  *Qualcomm Litig*., 2017 WL 5176922, at *2.  While Exhibit P contains information regarding Mr.

19  Hetland's work performance, as well as a summary of Mr. Hetland's complaints regarding his

20  compensation, this information does not implicate any sealable personal or private information.

21  (Dkt. 80-18 at 2-3.)  *See also Hadley*, 2018 WL 7814785, at *3 ("[C]ompelling reasons exist to

22  seal sensitive personal information such as financial information, medical records and conditions,

23  phone numbers, and addresses.") (citation omitted); *Nursing Home Pension Fund v. Oracle Corp*.,

24  No. C01-00988 MJJ, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) ("[C]ompelling reasons

25  exist to keep personal information confidential to protect an individual's privacy interest[.]").

26          Exhibit Q similarly contains non-sealable information.  (Dkt. No. 80-19.)  The March 5,

27  2018 and March 6, 2018 e-mails between Messrs. Wilson and Beckstein do not contain any

28  information regarding LendingTree's business models or strategy.  (Dkt. No. 80-19 at 2-3.)  *See In*

1    *re Qualcomm Litig.*, 2017 WL 5176922, at *2.  These e-mails concern Mr. Hetland's work

2    performance—specifically, Messrs. Wilson and Beckstein's discussion of how to "restructure the

3    Burlingame team[,]" eliminate Mr. Hetland's position, and Mr. Wilson's general grievances

4    regarding Mr. Hetland's complaints and conduct.  (*Id.*)  These messages do not implicate any

5    personal information that warrants sealing.  *See Hadley*, 2018 WL 7814785, at *3; *Nursing Home

6    Pension Fund*, 2007 WL 3232267, at *2.

7         Mr. Wilson's e-mail to Mr. Salvage in Exhibit R is not sealable for substantially similar

8    reasons—it contains no sealable personal or business information.  (Dkt. No. 80-20 at 3.)  *See*

9    *Hadley*, 2018 WL 7814785, at *3; *Exeltis*, 2020 WL 2838812, at *1.  However, Mr. Wilson's e-

10   mail about LendingTree's organizational structure and related "Talking Points" implicates sealable

11   information regarding LendingTree's business model and strategy.  (Dkt. No. 80-20 at 3.)  *See*

12   *also In re Qualcomm Litig.*, 2017 WL 5176922, at *2.  Accordingly, Exhibit R is sealable in part.

13        **c.  Sealing & Reply**

14        LendingTree seeks to seal documents submitted in support of its reply brief.  (Dkt. No. 84.)

15   The documents, Exhibits N and O, are sealable.  (Dkt. Nos. 84-5, 84-6.)  They contain confidential

16   business information whose disclosure presents a risk of competitive harm.  *See In re Qualcomm*

17   *Litig.*, 2017 WL 5176922, at *2.  For instance, Exhibit N contains information regarding

18   LendingTree's Monthly SEM revenue.  (Dkt. No. 84-5.)  Exhibit O, (Dkt. No. 84-6), contains

19   specific and sealable information concern certain employees' compensation plans, *see Hadley*,

20   2018 WL 7814785, at *3, as well as sealable messages concerning the plans' calculations, *see In*

21   *re Qualcomm Litig.*, 2017 WL 5176922, at *2.

22                            **CONCLUSION**

23        LendingTree's first administrative motion to seal is GRANTED in part and DENIED in

24   part.  Mr. Hetland's sealing motion is likewise GRANTED in part and DENIED part.

25   LendingTree's motion to seal exhibits attached in support of its reply is GRANTED.

26   //

27   //

28   //

4

**IT IS SO ORDERED.**

Dated: May 3, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge